IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | | |
|---|---|---|
| **YESENIA GOMEZ ZAMORA** *Plaintiff,* | § § § | |
| V. | § § | Civil Action No. _____ |
| **CITY OF PHOENIX, a municipal entity,** and **UNKNOWN CORPORATION** *Defendants.* | § § § § | |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, **YESENIA GOMEZ ZAMORA**, Plaintiff in the above entitled and numbered cause, complaining of and against **CITY OF PHOENIX and UNKNOWN CORPORATION**, Defendants herein, and for causes of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.0    Discovery is intended to be conducted under the Federal Rules of Civil Procedure.

### II.
### PARTIES

2.0    Plaintiff is a resident of Hidalgo County, Texas.

2.1    Defendant **CITY OF PHOENIX** is a municipal entity organized under the laws of the State of Arizona and may be served through its City Clerk at 200 W. Washington Street, 15th Floor, Phoenix, AZ 85003.

2.2    Defendant, **UNKNOWN CORPORATION**, is an unknown entity responsible for the maintenance of the escalator located in Terminal 4 of Sky Harbor International Airport. Upon

___

discovery of its true identity, Plaintiff will amend her Complaint accordingly.

## III.

## JURISDICTION & VENUE

3.0   This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

## IV.
## FACTS

4.0   On September 30, 2024, Plaintiff, **YESENIA GOMEZ ZAMORA**, was traveling from Phoenix, Arizona to Texas through Sky Harbor International Airport. After clearing TSA security in Terminal 4, she proceeded toward an escalator near Gate A13.

4.1   While ascending the escalator, Plaintiff stepped onto it successfully. After the second step, she observed that the escalator appeared to move faster than normal. Her foot became caught near the left side, causing immediate pain. She lost balance due to carrying a small purse on her left arm and a carry-on bag beside her, and she sustained injury to her neck and arm.

4.2   Plaintiff noted brush fibers along the left side of the escalator that may have contributed to the incident. No visible obstructions or posted hazard warnings were present in the area.

4.3   A female bystander at the top of the escalator assisted Plaintiff after the incident, and Plaintiff's traveling companion, who was ahead of her, also returned to assist. Airport staff were notified of the incident.

4.4   Plaintiff and her friend sought first aid assistance immediately following the incident. The first staff member redirected them elsewhere, and the second location reported having no gauze available. When Plaintiff asked a boarding agent for water or alcohol to clean the wound, the request was declined. Despite swelling and pain, Plaintiff boarded her scheduled flight to Texas.

4.5   Upon arrival in Texas, Plaintiff's foot was red, swollen, and painful. The following day, she

sought medical attention.

4.6	Plaintiff's personal property, including but not limited to her purse, was damaged during the incident. She incurred medical expenses and other financial loss due to this injury.

4.7	The condition of the escalator, absence of warning signs, and lack of timely assistance from airport personnel indicate failures in the maintenance and operation of the airport premises under the control of the City of Phoenix.

V.
NEGLIGENCE OF DEFENDANTS.

**A. CITY OF PHOENIX**

5.0.	The incident described above was directly and proximately caused by the negligence of Defendant **CITY OF PHOENIX**, acting by and through its employees, agents, and representatives. **CITY OF PHOENIX** owned, operated, and maintained Terminal 4 of Sky Harbor International Airport, including the escalator where Plaintiff was injured. **CITY OF PHOENIX** had a non-delegable duty to maintain the premises in a reasonably safe condition and to provide prompt assistance to patrons injured on its property.

5.1.	**CITY OF PHOENIX** was negligent in one or more of the following respects, each of which independently and/or concurrently was a proximate cause of the incident and of Plaintiff's resulting injuries and damages:

- a. In negligently operating and maintaining an escalator that was moving at an irregular or dangerous speed;
- b. In failing to remove or repair brush fibers or debris located on or near the escalator that posed a foreseeable risk of entrapment;
- c. In failing to inspect the escalator with sufficient frequency or thoroughness to identify unsafe conditions;
- d. In failing to warn Plaintiff and other users of the escalator of known or reasonably discoverable hazards;

e. In failing to properly train or supervise airport staff responsible for first aid and injury response;

f. In failing to render or provide necessary medical aid to an injured invitee after being notified of the incident;

g. In failing to secure and preserve the escalator for investigation following notification of a malfunction resulting in injury.

5.2. These acts and omissions constitute a breach of the duty of care owed to Plaintiff as a business invitee under Arizona law. Specifically, Defendant **CITY OF PHOENIX** owed Plaintiff a duty under Arizona premises liability law to maintain the property in a reasonably safe condition, to warn of or remedy dangerous conditions of which it knew or should have known, and to act with reasonable care under the circumstances. See A.R.S. § 12-820.03(B).

### B. UNKNOWN CORPORATION

5.3. The incident described above was directly and proximately caused by the negligence of Defendant **UNKNOWN CORPORATION**, acting by and through its employees, agents, and representatives. **UNKNOWN CORPORATION** was responsible for inspecting, servicing, or maintaining the escalator located in Terminal 4 of Sky Harbor International Airport. **UNKNOWN CORPORATION** owed a duty to perform its work with reasonable care and in accordance with applicable safety standards.

5.4. **UNKNOWN CORPORATION** was negligent in one or more of the following respects, each of which independently and/or concurrently was a proximate cause of the incident and of Plaintiff's resulting injuries and damages:

a. In negligently failing to identify and correct hazardous mechanical conditions on the escalator, including but not limited to abnormal speed and exposed brush fibers;

b. In negligently performing maintenance or inspection procedures in a manner that failed to detect foreseeable dangers;

    c. In failing to warn the property owner or airport personnel of escalator defects discovered or reasonably discoverable during inspections;

    d. In failing to ensure that the escalator met applicable standards set forth in building, safety, and engineering codes;

    e. In failing to monitor or audit the safety of escalator operation post-maintenance or repair;

    f. In failing to remove the escalator from service after discovery of or notice regarding its unsafe condition.

5.5.    **UNKNOWN CORPORATION** owed and breached its duty of ordinary care as a contractor entrusted with maintaining equipment used daily by the traveling public. Its acts and omissions constitute actionable negligence under Arizona law.

## VI.
## RESPONDEAT SUPERIOR

6.0    At all times relevant to this incident, the individuals involved in the conduct giving rise to Plaintiff's injuries—namely, the personnel responsible for inspecting, maintaining, or operating the escalator, and those charged with rendering aid after the incident—were agents, servants, and/or employees of Defendants **CITY OF PHOENIX** and **UNKNOWN CORPORATION**. These individuals were acting within the course and scope of their employment and in furtherance of the business interests or governmental functions of their respective employers at the time of the incident.

6.1    As such, Defendants **CITY OF PHOENIX** and **UNKNOWN CORPORATION** are vicariously liable for the negligent acts and omissions of their employees under the doctrine of Respondeat Superior.

## VII.
## NO CONTRIBUTION

7.0    Plaintiff, **CITY OF PHOENIX**, would show that nothing she did, or failed to do, in any way contributed to this accident.

## VIII.
## DAMAGES

8.0     Said elements of damage which Plaintiff seeks to recover from Defendants include compensation for the following:

1. The physical pain and mental anguish sustained by Plaintiff from date of injury to the time of trial;

2. The physical pain and mental anguish that Plaintiff will suffer in the future;

3. Loss of earnings sustained by Plaintiff from date of injury to time of trial;

4. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

5. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

6. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

7. Past and future physical disfigurement;

8. Past and future physical impairment;

9. Property damage; and

10. Loss of use.

As such, Plaintiff affirmatively pleads that she seeks monetary relief over $250,000.00, but not more than $1,000,000.00.

## IX.

## REQUEST FOR JURY TRIAL

9.0     Plaintiff requests a jury trial.

## X.
## ALTERNATIVE PARAGRAPH NO. 1

10.0    In the alternative, Plaintiff would show that if any injury and/or condition from which

they currently suffer was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of Defendants herein.

## XI.
## ALTERNTIVE PARAGRAPH NO. 2

11.0   In the alternative, Plaintiff would show that if they suffer from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to answer and appear herein, and that upon final trial hereof, Plaintiff has and recovers judgment against Defendants, jointly and severally, in an amount determined by a jury to be over $250,000.00, but not more than $1,000,000.00, including damages of any kind, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which Plaintiff deems herself entitled, at law and in equity.

Respectfully submitted,

**HUA LAW GROUP, PLLC**

*/s/ Thaison D. Hua*
**THAISON D. HUA**
SBN: 24097852
6071 Bissonnet St.
Houston, TX 77081
(713) 300-5075 Main
(972) 528-8307 Facsimile
*E-Service Email Only:
eservice@rhhlawgroup.com

**ATTORNEY FOR PLAINTIFF**